IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL ANTHONY LINDSEY,**

    **Plaintiff,**

**v.**     **CIVIL ACTION NO.: 3:20-CV-21**
     **(GROH)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 5, 2020, the *pro se* Plaintiff, a federal prisoner incarcerated at United States Penitentiary Victorville in Adelanto, California, initiated this case by filing an action pursuant to the Federal Tort Claims Act. ECF No. 1.[1] Following the issuance a notice of deficient pleading, the Plaintiff filed the Court-approved form on February 24, 2020. ECF No. 5.

The case was dismissed for failure to prosecute on September 22, 2020, but reopened by order entered October 8, 2020. ECF Nos. 21, 25.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-21, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Claims in the Complaint

Plaintiff filed the Court-approved complaint form on February 24, 2020, alleging he was denied medical care while Plaintiff incarcerated at USP Hazelton.  The complaint alleges[2] the following claims: (1) that Plaintiff was denied proper medical care on February 21, 2018 which led to a hernia rupture [ECF No. 5 at 6]; (2) that Public Health Service (PHS) nurse John Pyles (Pyles) did not follow PHS standards, resulting in a ruptured hernia [Id. at 6 – 7]; (3) Pyles violated Plaintiff's Eighth Amendment rights [Id. at 7]; (4) Pyles violated the West Virginia medical standard of care when he treated Plaintiff's hernia [Id.]; and (5) that USP Hazelton warden and clinical director failed to protect Plaintiff from Pyles [Id. at 8].

Plaintiff claims that as a result of the allegedly improper medical treatment, he suffered an "irreparable injury" which required surgery because his intestines had descended into his right groin area.  ECF No. 5 at 6 – 9, 14.

According to the Court-approved complaint form, Plaintiff exhausted his administrative remedies under the Federal Tort Claims Act, by filing a Claim Form SF-95. Id. at 4.  Plaintiff asserts that he filed that claim, TRT-MXR-2019-06892 in July 2019, seeking ten million dollars.  Id.  Further, Plaintiff asserts that his claim was received in August 2019, the claim was denied, Plaintiff requested reconsideration in November 2019, and on January 3, 2020, the claim was denied.  Id. at 5.  Plaintiff seeks 2 million dollars ($2,000,000.00) in compensatory damages.  Id. at 9.

---

[2] Although Plaintiff stated his allegations as five separate claims, he appears to assert two claims: that he was provided improper medical care by the treating PHS nurse on February 21, 2018, and that supervisors failed to protect Plaintiff from the treating PHS nurse on that date.  ECF No. 5 at 6 – 9.

### B. Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Defendant filed a motion to dismiss or for summary judgment, and a memorandum and exhibits in support thereof, on April 19, 2021. ECF Nos. 42, 42-1 through 42-4, 46[3]. Defendant argues that Plaintiff's complaint should be dismissed because: (1) the claim is untimely; (2) Plaintiff failed to comply with the West Virginia Medical Professional Liability Act[4]; (3) the BOP medical providers did not breach their duty of reasonable care; and (4) BOP employees acted in accordance with policy. ECF No. 42-1.

Attached to the motion and memorandum were exhibits, including: (1) declaration of Howard Williams [ECF No. 42-2]; (2) public information inmate data as of April 2, 2021 [ECF No. 42-3 at 2]; (3) inmate history data as of April 2, 2021 [Id. at 6]; (4) Standard Form 95 "claim for damage, injury, or death" dated August 15, 2018 [Id. at 9]; (5) February 15, 2019, denial of administrative claim number TRT-MXR-2018-06848 [Id. at 14]; (6) July 18, 2019, denial of reconsideration of administrative claim number TRT-MXR-2018-06848 [Id. at 16]; (7) December 9, 2019, letter closing administrative claim number TRT-MXR-2018-06892 as duplicative to TRT-MXR-2018-06848 [Id. at 18]; (8) January 3, 2020, denial of reconsideration of administrative claim number TRT-MXR-2018-06892 [Id. at 20]; and (9) declaration of Gregory Mims, M.D. [ECF No. 42-4].

### C. Plaintiff's responses to Motion to Dismiss or for Summary Judgment

On April 21, 2021, the Court issued an Order and Roseboro Notice to Plaintiff. ECF No. 47. Plaintiff filed a response styled "Memorandum of Facts in Opposition of

---

[3] Plaintiff's medical records were filed separately under seal. ECF Nos. 43, 45, 46.

[4] On July 21, 2021, the Fourth Circuit issued its decision in Pledger v. Lynch, 5 Fed.4th 511 (4th Cir. 2021), which held that plaintiffs in FTCA and Bivens actions do no not need to comply with the pre-suit notification requirements of the West Virginia Medical Professional Liability Act. By order entered October 25, 2021, the Fourth Circuit has stayed its ruling in Pledger, based on a rehearing en banc which is not yet scheduled.

Defendant's Motion to Dismiss or in Alternative Summary Judgment" on June 1, 2021. ECF No. 57. In his response Plaintiff asserted that his complaint was sufficient, and that surgical documentation from Mon Health Medical Center states "there was failure to reduce the incareerated [sic] hernia at the prison." Id. at 2. Plaintiff further contended that his FTCA case was timely filed, and that his first FTCA claim number TRT-MXR-2018-06848 concerned allegations of assault, not medical malpractice, and that he properly exhausted his administrative remedies for claim number TRT-MXR-2018-06892. Id. at 3, 4. Plaintiff also claimed that his failure to provide a screening certificate pursuant to the West Virginia Medical Professional Liability Act was unnecessary because he made "a clear showing that any common person can see negligence or malpractice" in his case. Id. at 4.

The Court issued another Order and Roseboro notice on July 29, 2021 which more fully advised Plaintiff of his rights and responsibilities. ECF No. 63. The Court noted that previously, on April 21, 2021, this Court issued a separate Roseboro notice [ECF No. 47], and that Plaintiff filed a memorandum of facts in opposition [ECF No. 57] on June 1, 2021, and a second memorandum of law [ECF No. 69] on September 2, 2021.

In his second response, Plaintiff argues that: (1) his claim is not untimely; (2) that review of video evidence[5] would show that Nurse Pyles' medical treatment breached his duty of care to Plaintiff; (3) that Nurse Pyles' actions proximately caused Plaintiff's hernia to rupture, necessitating surgery; and (4) Plaintiff does not need a screening certificate because Pyles' actions violated the standard of care. ECF No. 69.

---

[5] Defendant's reply states that, "USP Hazelton has confirmed that there are no cameras in the Health Services exam rooms. Therefore, the area where Plaintiff alleges the incident took place would not have video footage." ECF No. 70 at 3 – 4.

4

### D.      Defendant's Reply to Plaintiff's Response

Defendant filed a reply on September 15, 2021, which argued that Plaintiff's arguments against dismissal "are inaccurate and not supported by the facts."  ECF No. 70 at 1.  Further Defendant refutes Plaintiff's claims related to his administrative remedies.  Defendant cites to and quotes from the administrative remedy denials of claims TRT-MXT-2018-06848 and TRT-MXR-2019-06892, which documents were attached as exhibits to the motion to dismiss.  ECF No. 42-3 at 14, 16, 18, 20.  Defendant argues that Plaintiff's administrative remedy was finalized on July 18, 2019, and that the second administrative remedy was merely duplicative. ECF No. 70 at 2.

The four denial letters are dated: February 15, 2019 [ECF No. 42-3 at 14]; July 18, 2019 [Id. at 16]; December 9, 2019 [Id. at 18]; and January 3, 2020 [Id. at 20]. The February 15, 2019, letter summarized Plaintiff's claim TRT-MXR-2018-06848 and the reasons for the agency's denial:

> [Y]ou allege health services staff assaulted you, leading you to need emergency surgery while housed at the United States Penitentiary, Hazelton, West Virginia.
>
> An investigation into your claim failed to reveal that you suffered a compensable personal injury due to the negligence of a government employee acting within the scope of employment.  You came to health services with pain in your right groin.  You consented to a groin exam, and it was determined that you had a right inguinal hernia that needed surgical repair.  The surgery was successful.
>
> Your claim is denied.  If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter.

Id. at 14.  The July 18, 2019, letter addresses Plaintiff's request for reconsideration of TRT-MXR-2018-06848:

5

> You state the original denial letter did not consider all of the facts you presented.
>
> An investigation into your claim continues to reveal no evidence you suffered a compensable injury due to the negligence of a government employee acting within the scope of employment. You did not provide any additional evidence of negligence for reconsideration. Health services staff appropriately addressed your medical concerns.
>
> Therefore, your claim continues to be denied. This is the final reconsideration of your claim. If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter.

Id. at 16. The December 9, 2019, letter summarized Plaintiff's claim TRT-MXR-2018-06892 and the reasons for the agency's denial stating, "This request is duplicative to Administrative Claim Number TRT-MXR-2018-06848. As such it is being closed administratively. Please refer to the response sent to you in TRT-MXR-2018-06848." Id. at 18. The January 3, 2020, letter addressed Plaintiff's request for reconsideration of TRT-MXR-2018-06892, and the reasons it was again denied:

> As previously discussed, this request is duplicative to Administrative Claim Number TRT-MXR-2018-06848. Regardless of your legal theory, we considered the facts provided and determined no evidence of negligence existed. Our response dated July 18, 2019, in Administrative Claim Number TRT-MXR-2018-06848 was our final review of your claim.

Id. at 20.

Additionally, Defendant argues that Plaintiff was housed at USP Victorville for the entire six-month appeal period for his FTCA claim, from July 18, 2019, to January 18, 2020, and remains at Victorville. ECF No. 70 at 2 – 3. Accordingly, Defendant argues

6

that any claim that Plaintiff "was prevented from proper and timely filing the present complaint due to being moved around BOP institutions is wholly without merit. Id. at 2.

### E. Plaintiff's Surreply

On November 2, 2021, Plaintiff filed a document styled, "Plaintiff's Reply to Defendant's Reply". ECF No. 71. Such a document essentially constitutes a surreply. Pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 11.4, "Surreply and Surrebuttal Memoranda may not be filed." Accordingly, consistent with LR PL P 11.4, this Court declines to summarize or address any arguments raised by Plaintiff in his surreply.

### III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

7

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C. Actions Under the Federal Tort Claims Act (FTCA)

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

8

> United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them. In addition, Congress passed private bills that awarded compensation to persons injured by Government employees. But by the 1940s, Congress was considering hundreds of such private bills each year. Critics worried about the speed and fairness with which Congress disposed of these claims.
>
> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[7]

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

---

[7] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against

the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

## IV. ANALYSIS

It is well-established that the United States is immune from suit unless it consents to be sued. However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FCTA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484, 501 (1967) ("It is well settled, of course, that the Government is ordinarily immune from suit, and that it may define the conditions under which it will permit such actions.")

"A condition of that waiver, however, is compliance with the FTCA's statute of limitations. Under the FTCA, a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. The two year limitations period is jurisdictional and may not be waived." Weissmann v. U.S. Postal Serv., 155 F.3d 564 (4th Cir. 1998) (cleaned up and internal citations omitted). Title 28 U.S.C. § 2401(b) specifically states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun **within six months after the date of mailing**, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(Emphasis added). Moreover, 28 C.F.R. § 14.9(a) states that that:

11

> **(a)** Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and **shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification**.

28 CFR § 14.9(a) (emphasis added).

Here, the plaintiff presented Administrative Claim TRT-MXR-2018-06848 thereby invoking his administrative remedies. ECF No. 42-3 at 14. The BOP denied his claim by letter dated February 15, 2019, which advised him that, "if [he was] not satisfied with our determination in this matter, [he] may file suit in the appropriate U.S. District Court not later than six months after the date of this letter." Id. The letter was sent by United States certified mail, receipt number 7018 0680 0000 5216 8220. Id. Plaintiff requested that the BOP reconsider its decision on TRT-MXR-2018-06848, but the claim was again denied by letter dated July 18, 2019. Id. at 16. The July 18, 2019 letter was sent by United States certified mail, receipt number 7018 0360 0001 7564 0831. Therefore, the plaintiff had six months from July 18, 2019, to file his claim, or until January 18, 2020. However, he did not file his claim until February 5, 2020, after the deadline had expired. Moreover, a review of the initial complaint filed by Plaintiff shows that the document was dated January 21, 2020, three days after the deadline for filing this action. Accordingly, because Plaintiff did not even prepare the complaint until after the statute of limitations deadline expired, the Court does not need to address whether the mailbox rule applies.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as untimely, having been filed after the statute of limitations had expired.

It is further **RECOMMENDED** that Defendant's motion to dismiss [ECF No. 42] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in

the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 11-18-2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE