# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL ANTHONY LINDSEY,**

    Plaintiff,

**v.**                        **CIVIL ACTION NO.: 3:20-CV-21 (GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued an R&R [ECF No. 72] on November 18, 2021. In the R&R, Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727

F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by

legal authority, [are] not sufficient." Mario 313 F.3d at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12.   Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Service was accepted by the *pro se* Plaintiff on November 22, 2021.  ECF No. 73.  On November 30, 2021, the Plaintiff timely filed objections.   ECF No. 74.

Upon review of all the filings in this matter,[1] the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R.   After careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 72] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.

Therefore, the Defendants' Motion to Dismiss [ECF No. 42] is **GRANTED**, and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.   This civil action shall be removed from the Court's active docket.

---

[1] The Court notes that the Magistrate Judge declined to summarize or address any arguments raised by the Plaintiff in his surreply pursuant to the Local Rules, which do so provide.   However, the Undersigned nonetheless has reviewed and considered the Plaintiff's filing because of his status as a *pro se* litigant and finds nothing contained therein changes the Court's analysis.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** February 24, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE